*The final accounting in the Estate of* JOSEPH BLACK.

WHERE the Surrogate had made a decree for the payment of money on final accounting, and the administrators desired to appeal, but tendered to the Surrogate, for his approval, informal and null bonds of appeal, without giving the Surrogate the notice of appeal required by statute, the Supreme Court, on *ex parte* application of the administrators, compelled the Surrogate to point out the defects in the bonds, and the want of legal notice, so that the appellants' proctor, being thus instructed by the Surrogate, was able to prepare and tender a proper bond and notice.

H. F. AVERILL, *for the Mandamus.*
F. G. McDONALD, *for the Surrogate.*

THE Surrogate made and entered his decree in the final accounting of Margaret Black, administratrix, and John Black, administrator of the goods and chattels of Joseph Black, deceased, on the 12th day of July, 1869 (see the opinion in this case, *supra*, page 145); by which, after disallowing payments alleged to have been made by the administrators to themselves and to each other for the support of infant next of kin, a balance was found in their hands, with which they were charged, amounting to $36,368.27. They were then allowed commissions; and ordered to pay allowances as counsel fees to their own proctor and counsel, and to the proctor and counsel for the next of kin; they were also ordered to distribute, to the widow, $11,574; to Frederick A. Black, adult next of kin, $2,893.61; and to Gideon J. Tucker, Surrogate of the county of New York, for the benefit of Charles M. Black, James B. Black, Joseph C. Black, George E. Black, and Minnie A. Black, for each of said minors, the sum of $2,893.61, for investment by the Surrogate, pursuant to

statute; and the same amount to the legal representatives of each of two deceased next of kin.

The parties interested in maintaining the Surrogate's decree on appeal can be seen and ascertained from this statement.

The administrator and administratrix, feeling aggrieved at the decision of the Surrogate, desired to appeal to the Supreme Court. The time for perfecting such an appeal would expire on the 12th day of October, 1869.

The proctor for the administrator and administratrix, without filing with the Surrogate any notice of the appeal, tendered for approval, on the 18th day of August, a paper purporting to be a bond on appeal, executed by the appellants, with sufficient sureties, to The People of the State of New York. The Surrogate refused to approve or receive this paper, holding that it was not such a bond of appeal as is required by statute.

The proctor for the administrator and administratrix then tendered for approval, on the 17th, day of September, a second paper of similar form, which the Surrogate also refused to approve or receive, for the same reason. The proctor for the administrator and administratrix demanded to know in what particular the bond offered by him was objectionable; to which the Surrogate replied that he declined to state his objections, and should not do so unless compelled by the Supreme Court on mandamus.

The proctor for the administrator and administratrix tendered for approval, on the 24th day of September, a third paper, executed by the appellants with two sufficient sureties, to the Black minors, next of kin, and to Frederick A. Black, an adult next of kin. The Surrogate refused to approve or receive this paper also. The proctor, as before, demanded to know "wherein the bond did not meet the Surrogate's approval;" and the Surrogate, as before, refused to state his objections, remarking that he was not called upon to assist appeals from his decisions in favor of minors.

The proctor for the adult next of kin, filed with the Surrogate a protest against the approval by him of any bond to which he, the proctor, should not be made a party, as follows :

*To* Hon. GIDEON J. TUCKER, *Surrogate :*
  I most respectfully protest against the approval by you of any bond to be given on appeal from the decree herein by you made, on the twelfth day of July, 1869, unless I be a party to such bond as obligee. I am a party to the decree, and necessarily, in law, interested in any appeal therefrom.

W. D. CRAFT.

Upon an affidavit setting forth substantially the above facts, Margaret Black and John Black, as relators, applied to the Supreme Court, and obtained an order that the Surrogate "show cause, at a Special Term, on the first Monday of October, 1869, why a peremptory mandamus should not issue against him, requiring him forthwith to approve" of the third bond above mentioned; "or that he state specifically any and all objections he may have to the approval of said bond as a good and sufficient bond on appeal from his decree."
  The Surrogate showed cause on the return day, by an affidavit, as follows :

SUPREME COURT.

THE PEOPLE *ex rel.* MARGARET BLACK
*et al.*
*v.*
GIDEON J. TUCKER, *Surrogate, &c.*

CITY AND COUNTY OF NEW YORK, *ss :*
  Gideon J. Tucker, of said city, being duly sworn, says, that he is the Surrogate of the county of New York, and the respondent, as such, in the above proceeding; that he has been served with an order herein, made by His Honor

Thomas W. Clerke, one of the Justices of this Court, and dated the thirteenth day of September, 1869, whereby this respondent is ordered to show cause, before this Court, at a Special Term thereof, on the first Monday of October, instant, why a peremptory mandamus should not issue, against him as such Surrogate, requiring him to approve a certain paper writing, which in the said order is called and denominated a "bond on appeal;" and whereby this respondent is further ordered to state specifically to this Court, any and all objections he may have to the approval of said paper writing, denominated in said order a "bond on appeal."

And for cause why a mandamus, as prayed for, should not issue, this respondent respectfully shows to this Honorable Court.

1. That by the Revised Statutes of this State, it is provided that no appeal from a decision of a Surrogate shall be effectual until a bond be filed with the Surrogate, with two sufficient sureties, to be approved by him, in a penalty of at least one hundred dollars, to the adverse party.

2. That the paper writing, presented to this respondent, as Surrogate, by Horatio F. Averill, Esquire, and a copy whereof is attached to the order to show cause in this proceeding, is not such a bond on appeal as is required by the said Revised Statutes, and the Surrogate could not approve thereof or receive and file the same in his office, without a violation of his official duty.

And this respondent now here respectfully but earnestly protests against the order of this Honorable Court, whereby he is required to state specifically any and all objections he may have to the approval of the paper writing which has been presented to him as a bond of appeal, for the reason that this respondent, whether individually or as Surrogate of the County of New York, is not required nor to be required to teach law to practitioners of the legal profession; and for the reason more especially that this respondent is not required nor to be required to give

to the said Horatio F. Averill, Esquire, any legal information, counsel, advice or assistance in matters of law or of the practice of law, concerning which said Averill, as a counselor at law and officer of this Honorable Court, is to be presumed to be, and ought to be, sufficiently advised and informed.

But this respondent, thus protesting, but acting in obedience to the said order of this Honorable Court, states specifically the objection he has to the approval of the paper writing thus presented to him as a bond on appeal, that is to say : This respondent states that he does not know that there has been any appeal taken by the relators from any decree made by this respondent as Surrogate, inasmuch as no appeal or notice of appeal has been filed or offered to be filed by such relators in the office of this respondent as Surrogate ; and further, that the said paper writing (purporting to be a bond on appeal) presented to this respondent, is conditioned to infants next of kin, who are not adverse parties to the relators in the decree made by this respondent, as Surrogate as aforesaid, whereas a bond on appeal should be conditioned to this respondent, as Surrogate of the county of New York, who is an adverse party on such appeal, and to whom the distributive shares of such infants next of kin are directed to be paid, for investment, in and by such decree.

And this respondent respectfully asks that the order to show cause may be vacated, with costs to this respondent.

GIDEON J. TUCKER,<br>
<em>Surrogate.</em>

Dated October 4, 1869.

Mr. Justice CARDOZO, after argument heard, delivered the following decision, dismissing the application for a mandamus :

"Upon reflection, I think the preliminary point raised by the Surrogate, that no notice of appeal was filed or tendered to him, is well taken ; because he could not say,

whether the appeal would be from the whole or only part of his decree; and therefore the Surrogate could not say who would be the adverse parties, to whom the bond is to be given, nor, therefore, whether the bond was such as he should approve. (*Dayton's Surrogate, pp.* 751, 758.) Motion denied without costs.

After the decision of the mandamus application, and before the expiration of the statutory three months, namely, on the 6th October, the proctor for the administrator and administratrix tendered to the Surrogate for approval, a fourth bond, with sufficient sureties. This bond was conditioned to all the persons to whom sums were awarded by the Surrogate in his decree, and who were, therefore, parties to the appeal. (*See* 1 *Barbour Ch. Pr., p.* 428; 4 *Paige R., p.* 102; 5 *Paige R., p.* 170; 26 *Barbour, p.* 316; 9 *Paige R., pp.* 66, 273; and 11 *Paige R., p.* 453.) At the same time he tendered to the Surrogate for filing, a notice of appeal dated August 12, 1869, whereby it appeared that the appeal taken was from all such portions of the Surrogate's decree as contained the summary statement of the administrators' accounts, or directed payments to be made by the administrators.

There being no legal objection to this bond, it was approved and filed in the Surrogate's office, with the notice.